1 | Patricia Ray (Pa Bar No 31989)
2 | D&R I.P. LAW FIRM, APLC
  | 108 N. Ynez Avenue, Suite 208
3 | Monterey Park, CA 91754
4 | Telephone: (626) 447-7788
5 | Facsimile: (626) 447-7783

Attorneys for Plaintiff
CHUANQI LIU

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| CHUANQI LIU, an individual of China, | Case No.: 2-22 cv 00367 |
|---|---|
| Plaintiff, | DECLARATION OF PATRICIA RAY |
| v. | |

Ray Declaration in Support of Temporary Restraining Order

1

1
2
3

18

19
20
21
22

FOUJOY et al. Individuals, Partnerships and Unincorporated Associations identified on Schedule A,

Defendants.

23

24  DECLARATION OF PATRICIA RAY IN SUPPORT OF MOTION FOR EX
25  PARTE TEMPORARY RESTRAINING ORDER

26

I, Patricia Ray, hereby declare as follows:

27
28

1.   I am over the age of 18 and I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

4
26
27
28

2. I am a resident of Pennsylvania, a Pennsylvania attorney, and work with the law firm of David & Raymond IP Law ("the D&RIP Firm"), located at 108 N Ynez Ave #128, Monterey Park, CA 91754 in representing Chuanqi Liu ("Plaintiff") in the above-referenced action.

3. The following facts are declared in support of Plaintiff's Ex Parte application for a Temporary Restraining Order; an Order Restraining Assets and Merchant Storefronts; and Order to show cause Why a Preliminary Injunction Should Not Issue.

4. These facts are declared both in light of Defendants' intentional and willful offerings for sale and/or sales of infringing products, and also the widespread manner of online sales which is severely affecting Plaintiff's ability to market genuine products.

5. I have confirmed that each and every Defendant is offering for sale, and selling bicycle saddle products that infringe Plaintiff's Design Patent. I have personally ordered from one or more of these unauthorized products from the respective online Merchant Storefronts. After receiving the orders, I examined and Defendant's

confirmed that they are infringing.

6. Based upon my personal experience and my review of other lawsuits, I have learned that copying and selling infringing products online is a rampant problem which is complicated and compounded by the manner of secretive selling.

7. By this, I mean that parties such as the present Defendants do their selling by way of on online marketplaces without displaying their actual business information such as registered business name or trade name, contact name, complete address, phone numbers, or any other contact information. They use their respective online storefront to anonymously sell infringing products. They sometimes use incomplete or made-up return addresses to further hide their identities. Also, they may quickly change and re-post the listing for the products on another storefront or a modified online format and proceed to continue to sell infringing products. On line sellers are also sophisticated enough to monitor the US courts through

PACER looking for lawsuits that name them and will drain quickly their related financial accounts upon any notice that a lawsuit is filed against their activity.

8. Based upon the foregoing facts, supported by the evidence obtained by directly ordering the infringing products on line (see Paragraph 4 above) it is submitted that providing notice of the Motion for Temporary Restraining Order and the restraints of the Defendant's Merchant Storefronts and Accounts would allow the Defendants to

4

avoid the Court's Order thus depriving the Plaintiff of any damage recovery and otherwise prevent the full operation of the Court's Order.

9. To prevent the Defendants from escaping the effects of the Court's Order, Plaintiff and Plaintiffs' Counsel have not publicized the filing of this lawsuit or the request for ex parte relief.

10. It is respectfully submitted that based upon the Complaint allegations, and the exhibits submitted therewith, Plaintiff has met the requirements of Fed. R. Civ. P. 65 in its application to the court for an Ex Parte Temporary Restraining Order because:

(a) the specific facts in Plaintiff's Declaration, this Declaration and the verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(b) the movant's attorney (undersigned) has herein certified in writing that notice would, in this case, defeat the purposes of the application for the ex parte temporary restraining order and asset restraint.

I declare under penalty of perjury that the foregoing is true and correct.

1
2
3

1
2
3   _____
4   /s/ Patricia Ray
5   May 16, 2022
6
7
8   Patricia Ray (Pa Bar No 31989)
9   D&R I.P. LAW FIRM, APLC
10  108 N. Ynez Avenue, Suite 208
11  Monterey Park, CA 91754
12  Telephone: (626) 447-7788
13  Facsimile: (626) 447-7783
14
15
16
17
18

26
27
28