**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHUANQI LIU,<br><br>        Plaintiff,<br><br>  vs.<br><br>FOUJOY, YBEKI, LINGMAI, SUNJOYCO, FANCYES, AUCARKEE, DAWAY, MONDAY, LAUS, SIHMQIK, NEUFLY, ACCOT, SGODDE, NOVASHION, EBIKELING, IPOW, NONBRAND, YQ&TL, WUSUOWEI, GAODINGD, DAOZX,<br><br>        Defendants. | 2:22-CV-00367-CCW |

**NON-PARTY EBAY INC.'S MOTION FOR CLARIFICATION
CONCERNING THE SCOPE OF THE PRELIMINARY INJUNCTION ORDER**

Pursuant to LCvR 7 and Section II of this Court's Interim Practices and Procedures, eBay Inc. d/b/a eBay.com ("eBay"), as a non-party referred to in the May 31, 2022 Preliminary Injunction Order ("PI Order," ECF No. 22), respectfully moves for this Court's clarification as to scope of the PI Order.

1.      On June 9, 2022, eBay through its Verified Rights Owner ("VeRO") program received a letter ( "Letter") – along with a copy of the PI Order entered on May 31, 2022 – from counsel for Plaintiff, purporting to require "immediate actions on the part of the eBay Marketplace" to "disable any and all accounts and/or services used by Defendants to market, advertise, sell, and/or offer for sale the Infringing Products and any goods in conjunction with the Infringing Products," which are "shown in Schedule A and Schedule B," attached to the Letter. *See* **Exhibit 1**.

2.      The PI Order purports to require eBay to: "immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto."  (PI Order at p. 4).

3.      Schedule "A" of the PI Order identifies infringing Defendants' accounts with Amazon and Walmart, but does not identify any such accounts with eBay.  Further, the PI Order does not refer to Schedule "B" attached to the Letter, which purports to identify infringing Defendants' accounts with eBay.

4.      Plaintiff's request in the Letter conflicts with the PI Order, rendering eBay's compliance difficult and unmanageable.

5.      eBay respects and intends to comply with the PI Order, to the extent it applies to eBay, but it needs to know the alleged infringers' accounts with eBay in order to do so.

6.      eBay in good faith reached out to and requested that Plaintiff seek an amended PI Order, to the extent that Plaintiff contends that Schedule B to the Letter is encompassed by the PI Order.  Plaintiff refused to do so.  *See* **Exhibit 2** (email exchange between counsel).

7.      As such, the PI Order is unclear as to how it applies to eBay, and eBay respectfully requests further instructions from the Court.  For example, the PI Order found that "Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling patent infringing versions of Plaintiff's bicycle saddle design . . .  by operating fully interactive, commercial Internet based e-commerce stores accessible in Pennsylvania, *via* at least the

Amazon.com and *eBay.com Internet market place platforms* operating using the seller identities *identified on Schedule 'A'*" (emphasis added).  As noted above, Schedule "A" only identifies and provides links to infringing Defendants' accounts with Amazon and Walmart.

8.      Thus eBay seeks clarification from the Court regarding infringing Defendants' accounts with eBay that are to be "immediately restrained."

9.      Courts in this jurisdiction commonly grant motions for clarification and have stated that their purpose is to "explain or clarify something ambiguous or vague, not to alter or amend." *Trinity Indus., Inc. v. Greenlease Holding Co*., No. 08-1498, 2016 WL 4009546, at *2 (W.D. Pa. July 27, 2016).

10.      While "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification,'" federal courts frequently will "rule[] on a motion for clarification without resort to [Federal Rule of Civil Procedure] standards."  *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011); *see also Cottillion v. United Refining Co*., No. 09-140, 2014 WL 1207527, at *2 (W.D. Pa. Mar. 24, 2014).

11.      eBay is committed "to provide a safe place to buy and sell, which respects property owners' rights".  eBay established the VeRO Program to address any infringement issues.[1]  VeRO "allows owners of intellectual property (IP) rights and their authorized representatives to report eBay listings that may infringe on those rights. VeRO embodies [eBay's] commitment…."[2]

12.      Based on eBay's review of its record, Plaintiff has not utilized the VeRO program to resolve infringement claims identified in either Schedule A or Schedule B.

13.      For future reference, eBay suggests to Plaintiff that VeRO is a more accessible and readily available method through which Plaintiff could protect his IP rights and obtain appropriate

---

[1]      https://www.ebay.com/sellercenter/ebay-for-business/verified-rights-owner-program
[2]      *Id.*

relief.  Utilizing eBay's VeRO program and filing Notices of Claimed Infringement would be minimally burdensome as Plaintiff is in the best position to identify those infringing accounts with eBay.

For these reasons, non-party eBay respectfully requests that this Court clarify its PI Order and enter an accompanying Proposed Order.


Dated: August 22, 2022                                         Respectfully Submitted,


                                                               /s/ Jonathan Marmo
                                                               Jonathan Marmo, Esq.
                                                               (PA Bar No. 312669)
                                                               Holland & Knight LLP
                                                               2929 Arch Street, Suite 800
                                                               Philadelphia, PA 19104
                                                               Phone 215.252.9568
                                                               Fax 215.867.6070
                                                               jonathan.marmo@hklaw.com


                                                               Attorneys for Non-Party
                                                               eBay Inc. d/b/a eBay.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHUANQI LIU, | |
|     Plaintiff, | 2:22-CV-00367-CCW |
|  vs. | |
| FOUJOY, YBEKI, LINGMAI, SUNJOYCO, FANCYES, AUCARKEE, DAWAY, MONDAY, LAUS, SIHMQIK, NEUFLY, ACCOT, SGODDE, NOVASHION, EBIKELING, IPOW, NONBRAND, YQ&TL, WUSUOWEI, GAODINGD, DAOZX, | |
|     Defendants. | |

## ORDER OF THE COURT

AND NOW, this _____ day of _____ 2022, upon consideration of Non-Party eBay, Inc.'s ("eBay") Motion for Clarification Concerning the Scope of the Preliminary Injunction Order, it is **ORDERED** that eBay's Motion is **GRANTED** in so far it seeks clarification of the May 31, 2022 Preliminary Injunction Order's ("PI Order") application to eBay.  It is **FURTHER ORDERED** that (i) the PI Order does not encompass, adopt, or otherwise include Schedule "B" attached to Plaintiff's June 9, 2022 letter to eBay; but (ii) Plaintiff is granted leave to move for an amended PI Order, which shall include a list of all infringing Defendants' accounts with eBay.

In the event that Plaintiff fails to move for amended PI Order within 20 days from the date of this Order, eBay can fully comply with the PI Order by allowing Plaintiff to file, via eBay's Verified Rights Owner ("VeRO") Program, Notices of Claimed Infringement with respect to all of Defendants' infringing accounts with eBay..

BY THE COURT:

_____
HON. CHRISTY CRISWELL WIEGAND
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022, I electronically filed the foregoing  NON-PARTY EBAY INC.'S MOTION FOR CLARIFICATION CONCERNING THE SCOPE OF THE PRELIMINARY INJUNCTION ORDER with PROPOSED ORDER, with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

/s/ *Jonathan Marmo*
Jonathan Marmo
Attorney