IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHUANQI LIU,

        Plaintiff,

    vs.

FOUJOY, YBEKI, FANCYES, MONDAY,
LAUS, SIHMQIK, NEUFLY, ACCOT,
SGODDE, NOVASHION, EBIKELING,
IPOW, NONBRAND, YQ&TL,
WUSUOWEI, GAODINGD, DAOZX,

        Defendants.

2:22-CV-00367-CCW

## OPINION

This matter is before the Court upon pro se Plaintiff Chuanqi Liu's failure to respond to this Court's Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 46. For the reasons that follow, the Court will *sua sponte* **DISMISS** Mr. Liu's Complaint, ECF No. 1, **WITH PREJUDICE**.

Mr. Liu, then represented by counsel, filed his Complaint on March 1, 2022. ECF No. 1. He named as defendants numerous entities believed to be "foreign-based companies that copy products and sell those products on Amazon.com and eBay.com without regard for the intellectual property rights of others." *Id.* ¶ 2. Broadly speaking, Mr. Liu alleges that these defendants infringed on a patent that he holds for a bicycle saddle (U.S. Patent No. D879,488S) by selling unauthorized copies online. *Id.* ¶¶ 14, 36, 55–59.

Initially, Mr. Liu proceeded with his case. He filed a counseled motion for authorization of alternative service, which the Court granted. ECF Nos. 8, 9. He also filed a counseled motion for a temporary restraining order, which the Court granted and eventually extended into a

preliminary injunction.  ECF No. 10, 13, 22.  And on August 23, 2022, Mr. Liu, through counsel, filed a request for entry of default against seventeen defendants who had not appeared, which the Clerk granted on August 25, 2022.  ECF No. 30, 31.

Several months passed, however, without Mr. Liu moving for default judgment.  In the interim period, the only filings in the case were a stipulation of dismissal as to Defendant Sunjoyco and a consent judgment by Ebay, Inc.  ECF Nos. 33, 35.  Those filings occurred on September 8 and 24, 2022, respectively.  *Id.*  Nothing occurred in the case in October, November, or December 2022.

On January 17, 2023, the Court ordered Mr. Liu to file a motion for default judgment by February 10, 2023.  ECF No. 36.  The next day, however, counsel for Mr. Liu moved to withdraw, explaining in a revised filing that she was "no longer retained by [Mr. Liu] and no longer receiv[ing] communications from [Mr. Liu]" aside from a letter consenting to the withdrawal.  ECF No. 42 at 1;  ECF No. 37.  In the letter, Mr. Liu stated that "I am currently contemplating how to move forward with my business.  I have not decided whether it makes sense to spend time and expense on further legal action."  ECF No. 42-1.

The Court granted counsel's motion to withdraw and gave Mr. Liu until March 29, 2023 to secure new counsel, explaining that if counsel did not appear by that date the Court would infer that Mr. Liu intended to proceed pro se.  ECF No. 43.  On April 7, 2023, after new counsel did not appear for Mr. Liu, the Court ordered Mr. Liu to file, on or before May 8, 2023, a motion for default judgment against the defendants against whom the Clerk entered default.  ECF No. 45.

The Court never received Mr. Liu's motion for default judgment, nor has Mr. Liu taken any action in this case since his counsel withdrew in February 2023.  On June 14, 2023, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute,

setting a July 13, 2023 response deadline.  ECF No. 46;  *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d

Cir. 2008) (district court "should provide the plaintiff with an opportunity to explain his reasons

for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte").

Mr. Liu has not responded to the show cause order.

Because Mr. Liu has failed to prosecute this case, the Court will now dismiss his Complaint

with prejudice.  The Court has the discretion to *sua sponte* dismiss a case for failure to prosecute

under Federal Rule of Civil Procedure 41(b) and as an application of its inherent authority to

control its docket.  *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citing *Link

v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  Before exercising this authority, the Court

must consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the
> adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney
> was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal,
> which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of
> the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984);  *see Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019).

"[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be

resolved in favor of reaching a decision on the merits."  *Emerson v. Thiel Coll.*, 296 F.3d 184, 190

(3d Cir. 2002).

The Court finds that the *Poulis* factors support dismissal with prejudice.  Initially, as a pro

se party Mr. Liu is personally responsible for failing to comply with the Court's deadlines.  *See

Briscoe*, 538 F.3d at 258 ("[A] pro se plaintiff is responsible for his failure to attend a pretrial

conference or otherwise comply with a court's orders.").  Next, although defendants have suffered

little, if any, prejudice, the Court may still dismiss for failure to prosecute.  *See, e.g.*, *Rosado v.

Adams*, No. 3:CV-07-1914, 2009 WL 1181217, at *2 (M.D. Pa. Apr. 30, 2009) (dismissing for

failure to prosecute despite defendants not suffering prejudice).  Further, Mr. Liu has displayed a history of dilatoriness by failing to move for default judgment for approximately 11 months, missing two court-ordered deadlines to do so, and failing to respond to the Court's show cause order.  *See See Rieder v. Gannon Univ.*, 481 F. App'x 707, 709 (3d Cir. 2012) (plaintiff "personally engaged in willful and dilatory conduct in that she would not respond to the [defendant's] motion to dismiss despite being ordered to do so twice by the Magistrate Judge"); *cf. Briscoe*, 538 F.3d at 261 ("[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'").[1]  Further, Mr. Liu's conduct appears to be willful, given his representation in January 2022 that he was contemplating whether it made sense to spend further time and money on the case.  *See Briscoe*, 538 F.3d at 262 ("Generally, '[w]illfulness involves intentional or self-serving behavior.'" (quoting *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994))).  As to alternative sanctions, the Court finds that none would be effective because it appears that Mr. Liu does not wish to proceed with his case.  *See id.* at 262–63.

Turning to the meritoriousness of Ms. Liu's claims, the Court finds that dismissal is warranted even though his claims may have merit.  In analyzing this factor, a court asks, in essence, whether the plaintiff's claims could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Naylor v. Kemp*, No. 22 - 609, 2022 WL 4539246, at *3 (W.D. Pa. Aug. 31, 2022) (Lenihan, M.J.), *report and recommendation adopted*, No. 2:22-CV-00609-CCW, 2022 WL 4539129 (W.D. Pa. Sept. 28, 2022) (Wiegand, J.).  Mr. Liu's Complaint includes comparisons between his patent and Defendants' products that suggest infringement plausibly occurred.  *See generally* ECF No. 1.  Nevertheless, Mr. Liu has failed to prosecute this case and nothing in the

---

[1] Even if Mr. Liu did not display a history of dilatoriness, the Court would still find dismissal with prejudice warranted.

record suggests that he has any intent to do so.  So this factor does not change the Court's ultimate conclusion that dismissal with prejudice is warranted.

Accordingly, is the Court will **DISMISS WITH PREJUDICE** Mr. Liu's Complaint for failure to prosecute.


DATED this 4th day of August, 2023.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record


cc (via United States Mail)

Chuanqi Liu, pro se
Suite 3001, Block 9, No. 1, Poly Bund,
Xiaohuagpu Ronggui Town, Shunde District
Foshan City, Guangdong Province, China